**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sulzer Spine-Tech, Inc. and
Sulzer Spine-Tech Surgical, Inc.,

Plaintiffs,

vs.

Medtronic Sofamor Danek, Inc., and
Medtronic Sofamor Danek U.S.A., Inc.,

Defendants.

Court File No. 00-2501 (MJD/SRN)

**STIPULATION AND CONFIDENTIALITY ORDER**

**STIPULATION**

It is hereby stipulated by the parties as follows:

1. Preparation and trial of this action may require the discovery of certain confidential or proprietary information.

2. Moreover, some of the confidential information likely to be produced is so competitively sensitive as to warrant denial of access to it to officers and employees of the non-producing parties.

3. The parties desire to litigate this action without jeopardizing their business and commercial interests, and the public's interest, in the confidentiality of this information, and therefore enter into this Stipulation and Confidentiality Order to protect against unauthorized disclosure of such information, and to ensure that such information will be used solely in the preparation for trial and/or trial of this action and shall not be used at any time for any other purpose whatsoever.

FEB 13 2001
FILED
CLERK

4. Any party may designate as "Confidential" any documents or other information that party hereafter produces in discovery in this action which that party reasonably believes is not generally known by, or broadcast to, the public.

5. Any party may designate as "Highly Confidential" any documents and information, which that party reasonably believes is of a sensitive nature that could cause competitive harm if disclosed to officers and employees of other parties. The "Highly Confidential" designation is to be used in good faith only to protect sensitive confidential materials which meet the specified criteria.

6. The information and documents that a party wishes to designate as "Confidential" or "Highly Confidential" shall be designated by:

(a) imprinting in a manner that does not impair legibility the words "Confidential" or "Highly Confidential" on the first page or cover page of a document being produced;

(b) imprinting the words "Confidential" or "Highly Confidential" next to or above an answer to an interrogatory, response to a document request, or other discovery response and stating on the first page of the requests or responses: "This Document Contains Confidential [Highly Confidential] Material";

(c) advising the court reporter that certain deposition testimony is Confidential or Highly Confidential and is to be separately transcribed and marked accordingly;

(d) advising the other party in writing within thirty (30) days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are Confidential or Highly Confidential;

(e) specifically identifying the information or documents in a writing delivered to opposing counsel; or

(f) stating in a cover letter forwarding authorizations for the release of records that documents obtained through the use of the authorizations are Confidential or Highly Confidential.

7. Pending designation pursuant to Section 6(d) above, but not for longer than the thirty- (30) day period, the entire transcript of a deposition shall be treated as "Highly Confidential" unless otherwise agreed in writing by the parties.

8. To the extent feasible, all Confidential or Highly Confidential information shall be stamped "Confidential" or "Highly Confidential" prior to their production. In the event that a party inadvertently fails to so designate any Confidential or Highly Confidential information, the party producing that information may within thirty (30) days of production or within ten (10) days of the first time the document is used in this case, whichever is longer, make such a designation by notifying the receiving person in writing.

9. Any party believing material designated as "Confidential" of "Highly Confidential" by a producing party is public or is otherwise not entitled to such designation may advise the producing party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the producing party to respond. If the producing party does not modify its designation of the material, any party may

bring a motion challenging the designation. The provisions of this Order shall continue to apply unless modified by the Court upon such a motion by any party.

10. The mere fact that a party accepts a designation of material or testimony as "Confidential" or "Highly Confidential" by the other party and abides by the terms of this Stipulation and Confidentiality Order does not constitute an admission that the information is in fact confidential or was maintained as a trade secret. Any party asserting that information legally constitutes a trade secret or confidential business information must prove all necessary elements at trial, and the mere designation of information as "Confidential" or "Highly Confidential" for purposes of this Stipulation and Confidentiality Order shall have no evidentiary significance at trial and shall not reduce the party's burden of proof.

11. Materials designated "Confidential" or "Highly Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Order or specifically otherwise agreed in writing by the producing party. Materials designated "Confidential" or "Highly Confidential" shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except as specifically otherwise agreed in writing by the producing party.

12. Confidential Information may be disclosed only to:

(a) Counsel of record for the parties, and attorneys, clerks, legal assistants, and support staff in their firms or departments, including in-house legal personnel for the parties of their parent corporations; provided, however, that disclosure to a party's in-house legal personnel shall be limited to

those individuals who have responsibility for this litigation and who are not involved in the party's sales, marketing, or product development decisions;

(b) Outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents;

(c) Officers, managerial, executive employees, and other employees of any party who have responsibilities for managing, monitoring, or assisting with this litigation or for making settlement decisions or settlement recommendations regarding this action;

(d) The Court and its staff;

(e) Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions, provided that (i) such witnesses are then current employees of the producing party or (ii) are indicated on the document as being its author, direct recipient, or copy recipient, but witnesses who are not within the scope of any other provision of this Section 12 may not be permitted to retain copies of Confidential Information shown to them in the deposition;

(g) Such other persons as may be necessary to conduct the trial of this action if disclosure to such person is ordered by the Court or agreed to by the parties pursuant to Section 18 below;

(h) Such other persons as the Court may specifically approve after notice and hearing; and

(i) Such other persons as the parties may agree in writing.

13. Highly Confidential Information may be disclosed to the persons identified in Sections 12 (a)-(b), and (d)-(i). Highly Confidential Information shall not be disclosed to the persons identified in12(c).

14. Notwithstanding any contrary provision herein, if a party claims that any current or former employee of the adverse party has used, disclosed, or misappropriated any trade secrets or confidential information, such alleged trade secrets or confidential information may be disclosed to the person who is alleged to have used, disclosed, or misappropriated such information.

15. Before making disclosure of Confidential or Highly Confidential Information to persons identified in Section 12(c) and witnesses identified in Section 12(f), counsel shall obtain from these individuals an agreement in writing (in the form attached as Exhibit A) to be bound by this Stipulation and Confidentiality Order. These agreements need not be disclosed to opposing counsel unless ordered by the Court in response to a good faith allegation that the provisions of this Stipulation and Confidentiality Order have been breached.

16. There shall be no reproduction of Confidential or Highly Confidential Information except that, as required in the course of litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by Sections 12 and 13 to receive the designated information.

17. Confidential and Highly Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend

declaring that its contents are subject to a confidentiality order and shall be available for inspection only by the Court and by those persons authorized by this Stipulation and Confidentiality Order to receive the designated information.

18. The parties shall attempt to agree before trial on how the Confidential and Highly Confidential Information shall be handled during trial. If the parties cannot reach agreement, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

19. Within thirty (30) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of appeal, or by other means, each party to whom "Confidential" or "Highly Confidential" material was produced shall, at the election of the producing party, either: (1) return all documents and copies containing "Confidential" or "Highly Confidential" materials (including but not limited to copies in the possession or control of any expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party that whatever procedure the producing party elected was fully performed.

20. This Stipulation and Confidentiality Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process was also produced in this litigation shall have no effect on a party's right to make any lawful use of such information.

21. Nothing in this Stipulation and Confidentiality Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, people who might reasonably be

expected to have knowledge or information about topics that are discussed in Confidential or Highly Confidential Information.

22. Nothing in this Order shall preclude any party from applying to the Court to modify this Stipulation and Confidentiality Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order for good cause shown.

23. The Court shall retain jurisdiction over all persons to be bound by the terms of this Stipulation and Confidentiality Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulation and Confidentiality Order.

Dated: February 9, 2001

**FAEGRE & BENSON LLP**

By: Kristen Ludgate

Ronald J. Lee (#200505)
Kristen M. Ludgate (#286965)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 336-3000

**ATTORNEYS FOR PLAINTIFFS**

Dated: February 9, 2001

**MASLON EDELMAN BORMAN & BRAND**
**Limited Liability Partnership**

By: Margaret C. Hobday
William Z. Pentelovitch (#85078)
Wayne S. Moskowitz (#17936X)
Margaret C. Hobday (#258490)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200

**ATTORNEYS FOR DEFENDANTS**

**ORDER**

**IT IS SO ORDERED:**

Dated: 2-13, 2001

BY THE COURT:

Michael J. Davis
Michael J. Davis
United States Judge

122653.2

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I have read this Stipulation and Confidentiality Order applicable to this case and I agree to comply with its terms.

Dated: ______________________________

______________________________________________

122653.2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98